IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

| | | |
|---|---|---|
| **THURMAN N. DESHAZER,** | ) | From the Circuit Court of Shelby County |
| | ) | at Memphis, Tennessee |
| **Plaintiff/Appellant,** | ) | The Honorable George H. Brown, Jr., Judge |
| | ) | |
| **vs.** | ) | Shelby Circuit No. 44439T.D. |
| | ) | Appeal No. W1998-00834-COA-R3-CV |
| **FERRELL PAVING, INC.,** | ) | |
| | ) | **AFFIRMED** |
| **Defendant/Appellee.** | ) | |
| | ) | Stuart Brian Breakstone |
| | ) | Attorney for Plaintiff/Appellant |
| | ) | |
| | ) | Richard Glassman |
| | ) | Richard Sorin |
| | ) | Attorney for Defendant/Appellee |

**FILED**

March 20, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

_____**RULE 10 MEMORANDUM OPINION**

This case involves a motion to set aside a final judgment under Rule 60.02 of the Tennessee Rules of Civil Procedure. Over three years after the plaintiff's lawsuit was settled, the plaintiff filed a motion to have the consent order of dismissal set aside, asserting that her lawyer had settled the case without her knowledge or consent. The trial court denied the motion. The plaintiff appeals. We affirm.

This matter appears appropriate for consideration pursuant to Rule 10(b) of the Rules of the Court of Appeals of Tennessee.[1]

The Plaintiff/Appellant, Thurman DeShazer ("DeShazer"), was injured on February 27, 1991, when she swerved her car into an area that had been excavated by the Defendant/Appellee, Ferrell Paving, Inc. ("Ferrell Paving"). On January 15, 1992, DeShazer filed suit against Ferrell Paving, alleging that her injuries had been caused by Ferrell Paving's failure to adequately mark the area of excavation. DeShazer's lawyer for this suit was David Hoglund ("Hoglund"). Ferrell Paving was represented by attorney Alan Strain ("Strain").

In negotiations prior to trial, Hoglund and Strain agreed to settle the case for $39,000. Hoglund picked up the $39,000 check from Strain's office, and in exchange sent him a notarized

---

[1]Rule 10 (Rules of the Court of Appeals of Tennessee). -- (b) **Memorandum Opinion.** The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

release, purportedly signed by Thurman DeShazer. Strain entered the consent order of dismissal with prejudice in the circuit court on April 23, 1993.

On June 14, 1996, DeShazer, with new counsel, filed a motion to set aside the consent order of dismissal under Rule 60.02, subsections (3) and (5), of the Tennessee Rules of Civil Procedure. DeShazer asserted that she had never authorized Hoglund to settle the case, and that she had not signed the release. She contended that Hoglund actively concealed the settlement from 1993 until 1995, telling her that the case had been settled for $129,000 and that he was waiting for the necessary documents. She said that she did not learn of the actual settlement amount until July 7, 1995.

Ferrell Paving responded with the affidavit of Alan Strain. In his affidavit, Strain described reaching a settlement with Hoglund and preparing the settlement documents. He stated that Hoglund picked up the $39,000 check, along with the release and consent order. Strain received from Hoglund the notarized release, signed "Thurman DeShazer, " and the consent order, approved and signed by Hoglund. Strain entered the consent order on April 23, 1993, and forwarded a copy of the order to Hoglund.

On September 17, 1996, the trial court denied DeShazer's motion, without prejudice to her right to bring it again at a later time. On January 17, 1997, DeShazer filed an amended motion to set aside the consent order, as well as the affidavit of a forensic document examiner, who opined that the signature on the release was not DeShazer's. After a hearing, the trial court denied the motion. From this order, DeShazer now appeals.

On appeal, DeShazer argues that her motion to set aside the consent order was timely filed, and that the consent order is void because Hoglund did not have her consent.

A motion for relief from judgment, pursuant to Rule 60.02 of the Tennessee Rules of Civil Procedure, lies within the sound discretion of the trial court. *Underwood v. Zurich Ins. Co.*, 854 S.W.2d 94, 97 (Tenn. 1993). The scope of our review, therefore, is limited to whether the trial court abused its discretion. *Id.*

A motion under Rule 60.02 must be made within one year under most circumstances:

> On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is void; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that a judgment should

have prospective application; or (5) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1) and (2) not more than one year after the judgment, order or proceeding was entered or taken.

Tenn. R. Civ. P. 60.02.

DeShazer contends that she was not required to file her motion within one year after the judgment because her motion was based on the fraud of her attorney, rather than the fraud of an adverse party. She asserts that she filed her motion within a reasonable time. In support, DeShazer cites *Absar v. Jones*, 833 S.W.2d 86 (Tenn. Ct. App. 1992), in which Absar's attorney allegedly settled his lawsuit without his consent, deposited the settlement proceeds in his personal bank account, and misrepresented to Absar that the case was set for trial. Absar learned of the settlement five months after the case was dismissed and filed a Rule 60.02 motion to set aside the judgment within one year afer entry of the judgment. The trial court granted Absar's Rule 60.02 motion, and this was affirmed on appeal.

Unlike *Absar*, DeShazer failed to act diligently and did not file her Rule 60.02 motion until three years after the judgment was entered. Moreover, the trial court in *Absar* granted the Rule 60.02 motion, while the trial court in this case denied the motion. As noted above, our standard of review is whether the trial court abused its discretion.

Regardless of whether DeShazer was required to file the Rule 60.02 motion within one year, the record contains ample support for the decision of the trial court. We find no abuse of discretion by the trial court in denying the motion.

The decision of the trial court is affirmed. Costs are taxed to the appellant, Thurman DeShazer, for which execution may issue, if necessary.

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**


_____
**ALAN E. HIGHERS, J.**


_____
**DAVID R. FARMER, J.**

3